IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| J.G.G., et al.,<br><br>      Plaintiffs—Appellees.<br><br>            v.<br><br>DONALD J. TRUMP, President, et al.,<br><br>      Defendants-Appellants, | No. 26-5074 |

**APPELLANTS' REPLY IN SUPPORT OF MOTION TO EXTEND TIME
TO FILE AND EXTEND WORD LIMIT**

Appellants briefly write in reply to support Appellants' Motion to Extend

Time and Exceed the Word Limit and to reply to Appellees' response. Appellees

are unopposed to the extension of time. Appellees are also unopposed to the

motion to exceed the word limit as long as they are afforded a 1,000 word surreply.

Appellants do not oppose the request for a surreply so long as it only replies to

arguments on their alternative ground for affirmance. As a result, the motion is ripe

and the Court should grant Appellants' motion. Given the June 22 deadline,

Appellants respectively request that the Court expeditiously grant the motion to

provide certainty.

Appellants also briefly respond to Appellees' assertation that these alternative arguments should have been addressed in Appellants' opening brief because the "the district court reaffirmed its equity analysis and accordingly found alternative jurisdictional grounds." Resp. at 2. That is patently false. The district court simply noted that its habeas ruling was not meant to preclude the alternative equity theory "if habeas were not" available. JA330. But the district court did erroneously find that habeas was available and thus never even analyzed the equity claims in its opinion, never clearly stated it was an alternative holding, nor incorporated its previous ruling (which was vacated by this Court). *Id.* Nor did the district court certify a class, analyze the equities, nor tailor relief based on those claims. Indeed, the court previously correctly stated that these theories were "mutually exclusive." *J.G.G. v. Trump*, 786 F. Supp. 3d 37, 52 (D.D.C. 2025). If the district court clearly relied on these alternative arguments, Appellees would not have asked the court to clarify whether this was an alternative grounds for affirmance. ECF 259. The district court declined to provide clarification, claiming its opinion speaks for itself. Minute Order March 13, 2026. The idea that Appellants should have fully briefed an issue that was subject to an entire separate appeal based on this is meritless. *See J.G.G. v. Trump*, No. 25-5217, (D.C. Circuit) Doc. 2120092. At best, this argument is an alternative grounds for affirmance that Appellants have not had a full opportunity to address. That said, Appellants agree

with Appellees that this Court should resolve all legal issues to avoid another round of legal proceedings.

On the record piece, while it is true that some of the added evidence was in the record below, Appellees did not request for it to be added to the Joint Appendix. As a result, it was added through an unopposed supplement after Appellants' brief was filed. Thus Appellants did not believe they needed to review and address that evidence prior to filing their opening brief. In order to have a full opportunity to address this evidence and the alternative arguments, Appellants respectively request that this Court grant their motion.

JUNE 2026                           Respectfully submitted,


                                    /s/ Tiberius Davis
                                    TIBERIUS DAVIS
                                       Counsel to the Assistant Attorney General
                                       Civil Division
                                       U.S. Department of Justice
                                       950 Pennsylvania Ave. NW
                                       Washington, DC 20530
                                       (202) 514-4357
                                    Tiberius.Davis@usdoj.gov

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d) because it contains 467 words.  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman 14-point font, a proportionally spaced typeface.

/s/ Tiberius Davis
Tiberius Davis

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I further certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Tiberius Davis
Tiberius Davis